IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DARIAN ANTHONY LUCAS,** ) | |
| Petitioner, ) | **C.A. No. 09-1052 Erie** |
| ) | |
| v. ) | **District Judge Maurice B. Cohill** |
| ) | **Magistrate Judge Susan Paradise Baxter** |
| **CRAIG MARAVICH, et al.,** ) | |
| Respondents. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is recommended that the petition for writ of habeas corpus be dismissed and that a certificate of appealability be denied.

**II.    REPORT**

Petitioner Darian Anthony Lucas is a state prisoner who is presently incarcerated at the State Correctional Institution in Dallas, Pennsylvania. He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Document No. 1], to which Respondents have filed their Answer [Document No. 5]. The petition should be denied.

By way of background, in October 1998, Lucas filed an action in this Court under 42 U.S.C. § 1983 claiming various violations of his civil rights. Lucas v. Fetzner, *et al.*, Civil Docket No. 2:98-cv-01800 (W.D. Pa.). After this Court denied his motion for default judgment, Lucas filed an appeal with the United States Court of Appeals for the Third Circuit, which was lodged at Lucas v. Mears, et al., Appellate Docket No. 00-3156 (Feb. 18, 2000). On September 15, 2000, the Third Circuit Court dismissed that interlocutory appeal for lack of jurisdiction because the subject order was not a final, appealable order.

On December 13, 2001, the Honorable Donald J. Ziegler granted summary judgment in favor of the defendants in Lucas's civil rights action at Docket No. 2:98-cv-01800. Lucas filed a notice of appeal in the Third Circuit. Lucas v. Mears, *et al.*, Appellate Docket No. 01-4472 (Dec. 27, 2001). On September 8, 2003, the Third Circuit Court issued a judgment affirming the district court's decision. It denied Lucas's subsequent motions for reconsideration, internal

1

relief, and to recall the mandate. On April 4, 2004, the Third Circuit Court put an end to Lucas's incessant filings by issuing an order instructing him that his appeal had been conclusively decided by it and that no further post-decision submissions would be accepted for filing.

In the present action, Lucas is challenging the Third Circuit Court's disposition of his appeals at Appellate Docket Nos. 00-3156 and 01-4472, which of course this Court has no authority to review. He also attempts to revive his civil rights action at Docket No. 2:98-cv-01800 and requests that this Court hold a trial on an equal protection claim he raised in that action and force the settlement of other claims.

Lucas is seeking the relief requested in the instant action because he has filed so many frivolous civil actions that he now is barred from proceeding *in forma pauperis* under the Prison Litigation Reform Act (the "PLRA") at 28 U.S.C. § 1915(g). See Third Circuit Court Order dated 10/23/2003 in Lucas v. Tennis, *et al.*, Appellate Docket No. 03-1190 (denying Lucas *in forma pauperis* status because he had had a least three prior civil actions dismissed as frivolous or for failure to state a claim). In an effort to avoid the provisions of the PLRA, he has filed corresponding actions here and in the United States District Court for the Middle District of Pennsylvania in which he is, by way of purported petitions for habeas or for mandamus, requesting that his various civil rights actions be reopened and declared "non-frivolous." See Lucas v. Sinnott, *et al.*, 2:09-cv-00187 (W.D. Pa.); Lucas v. Maravich, *et al.*, 2:09-cv-01167 (W.D. Pa.); Lucas v. Maravich, *et al.*, 2:09-cv-01327 (W.D. Pa.); Lucas v. Forney, *et al.*, 4:09-cv-01619 (M.D. Pa.); Lucas v. Cawley, *et al.*, 4:09-cv-01850 (M.D. Pa.).

The Court has no jurisdiction to entertain the relief he requests. The civil rights action at Docket No. 2:98-cv-01800 has been finally litigated at Appellate Docket No. 01-4472. Lucas's attempt to relitigate that case by way of a motion for writ of habeas corpus is wholly improper.[1]

---

[1] The purpose of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is to allow an individual who has been convicted of an offense in state court to challenge the constitutionality of his confinement. See Heck v. Humphrey, 512 U.S. 477 (1994); Allen v. McCurry, 449 U.S. 90 (1980) (the unique purpose of habeas corpus is to release the applicant for the writ from unlawful confinement); Fields v. Keohane, 954 F.2d 945, 949 (3d Cir. 1992); Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991). Here, Lucas does not challenge the fact or duration of his confinement. Instead, this action is nothing more than a frivolous attempt to revive his civil rights case, which was

(continued...)

Accordingly, the petition for writ of habeas corpus should be dismissed with prejudice. In the alternative, the petition should be construed as a motion for relief from a judgement or order pursuant to Federal Rule of Civil Procedure 60(b). Because there is no basis to reopen his prior civil rights action at Civil Docket No. 2:98-cv-01800 (W.D. Pa.), it should be denied.

### III.    CONCLUSION

On the basis of the foregoing, it is recommended that the Petition for Writ of Habeas Corpus [Document # 1] be dismissed with prejudice and that a certificate of appealability be denied. In the alternative, the petition may be construed as a motion for relief from a judgement or order pursuant to Federal Rule of Civil Procedure 60(b) and be denied. Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Lucas is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to file timely objections may constitute a waiver of any appellate rights. See Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
UNITED STATES MAGISTRATE JUDGE

Dated: February 5, 2010

---

[1](...continued)
disposed of long ago and which cannot be reopened.